UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JONATHAN MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:21-cv-99 |
| ) | |
| ) | |
| RES-CARE, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Jonathan Matthews ("Matthews"), by counsel, against Defendant, Res-Care Inc. ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. *et. seq.*

**II. PARTIES**

2. Matthews is a resident of the State of Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343 and 42 U.S.C. § 2000e-5(f)(3).

1

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

6. Matthews was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Matthews satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging retaliation and discrimination based on gender. Matthews received his Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. On or about February 10, 2020, Defendant hired Matthews as a Residential Manager.

10. Initially, Matthews was slated to work at the West St. Group Home but was later offered a position in Henryville.

11. Matthews reported to Ria Borja, Area Supervisor.

12. At all relevant times, Matthews met or exceeded legitimate performance expectations.

13. After raising various concerns regarding Defendant's failure to pay him appropriately, Matthews opted to step down to a Direct Support Professional position on or about March 14, 2020.

14. In or around June 2020, Mark Slaughter ("Slaughter"), Program Manager, asked Matthews to assume the duties of a vacant Area Supervisor position on an interim basis because he had previous experience in the role.

15. Slaughter informed Matthews that he would be able to assume the Area Supervisor position on a permanent basis once it was formally posted.

16. Matthews continued in the interim role through September 2020 and applied for the position.

17. On or about September 1, 2020, Defendant hired Diana Chandler to fill the vacant Area Supervisor position.

18. Matthews was not even interviewed for the position.

19. All four of the Area Supervisors are female.

20. Thereafter, Matthews complained to Defendant that he was denied the Area Supervisor position because of his gender.

21. On or about October 9, 2020, Matthews was suspended pending an investigation.

22. After a short call on October 9, 2020 and an in-person interview with Lindsey Johnson and Lisha Self shortly thereafter, Defendant did not contact Matthews again in the course of their investigation and refused to return his calls.

23. Defendant also failed to contact key witnesses that Matthews had identified for them.

24. On or about November 27, 2020, Matthews was informed that his employment was terminated.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII – GENDER DISCRIMINATION

25. Matthews hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

26. Defendant violated Matthews's rights and discriminated against him based on his gender.

27. Matthews suffered adverse employment actions, termination and non-promotion, due to gender discrimination.

28. Similarly situated female employees were treated more favorably.

29. Defendant's actions were intentional, willful, and in reckless disregard of Matthews's rights as protected by Title VII of the Civil Rights Act of 1964.

30. Matthews has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII – RETALIATION

31. Matthews hereby incorporates paragraphs one (1) through thirty (30) of his Complaint.

32. Matthews engaged in a protected activity when he complained of gender discrimination.

33. Defendant retaliated against Matthews by terminating his employment.

34. Defendant's actions were intentional, willful, and in reckless disregard of Matthews's rights as protected by Title VII of the Civil Rights Act of 1964.

35. Matthews has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jonathan Matthews, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoins Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her gender;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

6. Award the Plaintiff pre-and post-judgement interest on all sums recoverable; and

7. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*
Andrew Dutkanych, Atty. No. 23551-49
144 N. Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Jonathan Matthews*

## DEMAND FOR JURY TRIAL

Plaintiff, Jonathan Matthews, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*
Andrew Dutkanych, Atty. No. 23551-49
144 N. Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Jonathan Matthews*